UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
RITA J. MOOD,

                Plaintiff,

                **MEMORANDUM & ORDER**

    -against-

                07 CV 0859 (RJD)

MICHAEL ASTRUE,
Commissioner of Social Security,

                Defendant.
-----------------------------------------------------------X
DEARIE, Chief Judge.

      Plaintiff Rita Mood seeks reconsideration pursuant to Fed. R. Civ. P. 59(e) and 60(b)(1) of this courts denial of her motion for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). For the reasons set forth below, the Court grants plaintiff's request for reconsideration but affirms its denial of her motion for attorney fees.

## BACKGROUND

      Plaintiff applied for disability benefits in July of 2002, claiming disability dating back to October of 2000. After plaintiff's claim was denied, she promptly appealed and requested a hearing before an Administrative Law Judge ("ALJ"). That hearing was not held until March 22, 2005. The ALJ then scheduled a Supplemental Hearing for July 2005, which was later delayed until May 23, 2006. On October 11, 2006, plaintiff sent a letter to the ALJ requesting a decision.

      On February 22, 2007, the ALJ issued a decision partially favorable to the plaintiff finding her disabled as of July 28, 2006, not October of 2000. Herbst Declaration ¶ 3. However, that decision was not mailed to plaintiff until March 2, 2007. Pl.'s Opp. Def.'s Mot. Dismiss 3. Unaware of the ALJ's decision and understandably frustrated by the exceedingly slow pace of the

case, plaintiff filed a complaint before this Court on March 1, 2007, seeking relief in the nature of mandamus, pursuant to 28 U.S.C. § 1361, as well as declaratory relief, pursuant to 28 U.S.C. § 2201. Parallel to this action, on April 23, 2007, after receiving a copy of the ALJ's decision, plaintiff sought review from the Appeals Council.[1] Herbst Declaration ¶ 3.

Defendant, Commissioner of Social Security ("Commissioner"), answered with a motion to dismiss for lack of subject matter jurisdiction, claiming that plaintiff had not exhausted her administrative remedies and obtained a final decision of the Commissioner, as required by 42 U.S.C. § 405(g) and (h). Def.'s Mem. Supp. Mot. Dismiss 2-5. Plaintiff argued that, although she had received a copy of the ALJ's decision, her complaint was not moot and that declaratory relief was still available. Pl.'s Opp. Def.'s Mot. Dismiss, 3-6. After oral argument, this Court dismissed the mandamus claim as moot, declined to grant declaratory relief, and granted plaintiff's counsel's request to submit a letter regarding attorney's fees. Nov. 20, 2007 Order.

Plaintiff then filed a motion for attorney fees under Section 2412(d)(1)(A) of the EAJA. The Court denied that motion in a one-page order stating that: "neither the SSA, nor this Court have determined that plaintiff is entitled to benefits. As a result plaintiff cannot be considered a 'prevailing party' for the purposes of the EAJA." Feb. 15, 2008 Order. Plaintiff then requested reconsideration on the grounds that the Court's order "mistakenly found that: (a) the Social Security Administration did not determine plaintiff is entitled to benefits; and (b) was therefore, not a prevailing party." Pl.'s Mot. Recons.

---

[1] At oral argument, plaintiff's counsel explained that he appealed "so that we can get a fully favorable [decision], because they basically gave her benefits from . . . her 55th birthday, going forward, and she became disabled when she was 50. So we're trying to get those five years of back benefit." Nov. 20 Tr. 2-3.

2

# DISCUSSION

## I.  Applicable Law

The Equal Access to Justice Act reads in pertinent part that:

> [A] court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). A social security claimant prevails if she "succeed[s] on any significant issue in litigation which achieved some of the benefit . . . sought in bringing suit." Shalala v. Schaefer, 509 U.S. 292, 301 (1993).

Plaintiff cites to Green v. Bowen, 877 F.2d 204 (2d Cir. 1989), for the proposition that plaintiff should be considered a "prevailing party." The claimant in Green was denied reconsideration of the SSA's original denial of benefits on the grounds that his request for reconsideration was untimely. After claimant filed a writ of mandamus asking a federal district court to compel reconsideration, the SSA determined that the original request had indeed been timely filed and reopened the claim. The parties then stipulated to a dismissal of the mandamus action. Upon reconsideration, the SSA eventually awarded benefits, and Green's lawyer subsequently petitioned for fees under the EAJA. Reversing the district court's denial of fees, the Second Circuit held: "[w]e find nothing in the EAJA that requires that a party prevail in a civil action reviewing a final agency determination. There being no such requirement, this cannot be the basis for finding that Green was not a prevailing party." Id. at 206.

Green relied upon a previously accepted interpretation of prevailing party, which held

that: "generally speaking, a social security claimant prevails when it is determined that she is entitled to benefits." Id. at 206 (quoting McGill v. Sec'y of Health & Human Servs., 712 F.2d 28, 31-32 (2d Cir. 1983)).[2] However, as the Honorable Judge Sand noted in Edwards v. Barnhart, "Green, of course, was decided in 1989 and must be viewed through the cloudy prism of social security jurisprudence which followed." 238 F. Supp. 2d 645, 656 (S.D.N.Y. 2003). As Judge Sand concluded in this thorough review of the definition of prevailing party under Section 2412(d)(1)(A), to the extent that the Second Circuit's jurisprudence "ever permitted a claimant to attain prevailing party status in the absence of a causal relationship between his lawsuit and the benefits obtained, this feature did not survive [the Supreme Court's holdings in Melkonyan v. Sullivan, 501 U.S. 89 (1991), Shalala v. Schaefer, 509 U.S. 292 (1993)]." Id. at 657. Those opinions narrowed attorney fee awards to that class of claimants who prevailed because of a district court's remand pursuant to 42 U.S.C. § 405(g), and together with Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598 (2001), dispelled the "catalyst theory" under which a claimant could be considered a prevailing party for the purposes of the EAJA if his lawsuit was a "catalytic, necessary, or substantial factor in attaining the relief [sought]," Marbley v. Bane, 57 F.3d 224, 234 (2d Cir. 1995) (quotation omitted).

---

[2] The Court in McGill held that a claimant who succeeded in convincing a district court to remand her case to the SSA for the taking of additional evidence, was not a prevailing party and therefore not entitled to attorney fees under the EAJA. It is worth noting that the posture of that case—remand pursuant to 42 U.S.C. § 405(g)—is different from that of both Green and this case.

4

## II. The Instant Case

Because the instant matter is distinguishable from <u>Green</u> in at least one fundamental way, it is unnecessary to peer through the cloudy prism of post-<u>Green</u> jurisprudence in order to reject plaintiff's motion for attorney fees. In <u>Green</u>, the claimant sought mandamus from the district court requiring that the SSA reconsider its denial of benefits. Whether the SSA's reconsideration of its initial denial was due to the mandamus action or not, his district court action *predated the disability* finding that eventually became central to his classification as a prevailing party.

The chronology of this case is distinct. There have been four determinations stemming from plaintiff's original disability claim: (1) her original application for disability benefits, which was denied on October 31, 2002; (2) the portion of her appeal to the ALJ that was partially favorable (finding of disability); (3) the portion of her appeal that was not favorable (date of onset); and (4) the claim for mandamus and declaratory relief that was denied by this Court. To date, the only one of these determinations that has been favorable to plaintiff was the ALJ's finding of disability. Not surprisingly, it is this finding that plaintiff cites as evidence of her status as a prevailing party.[3] However, to the extent that plaintiff "prevailed" in her appeal to the ALJ, her success could not have had anything to do with her claim before this Court, which was filed a week *after* the appeal was decided (although before she became aware of it). As a result, plaintiff has no claim for attorney fees under Section 2412(d)(1)(A) of the EAJA,[4] because the benefit that she sought had already been achieved by the time she brought suit in this Court.

---

[3] Plaintiff provided the first page of a letter from the SSA dated March 17, 2007 informing her the SSA's partially favorable determination of disability. Pl.'s Aff. Ex. A.

[4] Attorney fees for administrative proceedings are separately provided for in the EAJA under Section 504. 28 U.S.C. § 504.

In its February 15 order, the Court noted that "neither the SSA, nor this Court have determined that plaintiff is entitled to benefits." The reference here to the SSA's findings was meant with respect to the appeal pending before the Appeals Council regarding that portion of the ALJ's decision that was unfavorable—the date of onset of plaintiff's disability.[5] The reference to the Court's own determination concerned its November 20 ruling denying plaintiff's motion for declaratory judgment. However unartfully worded, as explained above, neither reference negates the Court's conclusion that "plaintiff cannot be considered a 'prevailing party' for the purposes of the EAJA." The Court therefore affirms its denial of attorney fees.

## CONCLUSION

For the reasons explained above, the Court grants plaintiff's request for reconsideration and denies her motion for attorney fees under 28 U.S.C. § 2412(d)(1)(A).

SO ORDERED.

Dated: Brooklyn, New York
August 2⁵, 2008

s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge

---

[5] For the sake of clarity, the Court did not mean to indicate that if plaintiff is successful in her Appeals Council action she will *necessarily* be entitled to attorney fees under Section 2412(d)(1)(A); but was simply referencing the fact that fees remain possible pursuant to that section under a scenario in which plaintiff eventually obtains a remand from this Court pursuant to 42 U.S.C. 405(g).